## McVEY v. BEAM.

### No. 15,509; December 11, 1894.

38 Pac. 515.

**Appeal—Objection not Raised Below.**—Error in the admission of evidence will not be considered on appeal, where no exception is taken to the ruling admitting it.

APPEAL from Superior Court, Del Norte County; James E. Murphy, Judge.

Action by Asa N. McVey against Lewis Beam to recover the price of personal property sold and delivered by plaintiff to defendant. From a judgment for plaintiff and from an order denying a motion for a new trial defendant appeals. Affirmed.

R. W. Miller for appellant; L. F. Cooper for respondent.

VANCLIEF, C.—It is alleged in the complaint that plaintiff sold and delivered to defendant a certain lot of personal property for the agreed price of $600, viz., two horses, two buggies, one stage, one dead ax wagon, a lot of hay (estimated at fifteen to twenty tons), two sets of double harness, robes, and a lot of oats; and that defendant promised to pay therefor said sum of $600 on or before December 2, 1892, but had failed to pay said sum, or any part thereof, except the sum of $20, whereupon plaintiff prays judgment for $580. The complaint was filed December 17, 1892. The answer denies

the alleged delivery of all the property described in the complaint, but admits the delivery of the greater part thereof; denies that any price was fixed or agreed upon, or that defendant agreed to pay more than the reasonable value of the property delivered, and alleges that the reasonable value thereof did not exceed $314; also sets up counterclaims exceeding the alleged value of the property delivered by $27.50, and prays judgment against the plaintiff for this excess. The jury by which the case was tried returned a verdict in favor of plaintiff for $580, upon which judgment was rendered. The defendant appeals from the judgment, and also from an order denying his motion for a new trial.

Counsel for appellant has not very clearly specified, either in his bill of exceptions or in his brief, the points he relies upon for a reversal; but I understand him to claim that the evidence is insufficient to justify the verdict, in one or two particulars, and that the court erred in admitting evidence of a novation of the debt in suit. The evidence is more or less conflicting on several issues, but on each of them it is sufficient to justify the verdict. Indeed, appellant's specifications under this head in the bill of exceptions claim little more than that there was a preponderance of evidence in favor of defendant, the two principal specifications being as follows: "There is not a preponderance of evidence in favor of the plaintiff upon any issue made by the pleadings. . . . . There is a preponderance of evidence in support of, and affirming, the counterclaim of the defendant." All other specifications are of what the evidence shows, what it "fails to show," and what "the uncontradicted evidence shows." But I find all the alleged uncontradicted evidence to have been contradicted.

As to the alleged error of admitting evidence of a novation, there was no exception taken to the ruling of the court admitting it. Besides, it related to averments in the answer, and did not tend to prove a novation, but the contrary. I think the judgment and order should be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.